IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MORARISA LAMAS, et al. | : | NO. 12-4681 |

ORDER

AND NOW, this 28th day of April, 2014, upon consideration of petitioner Smith's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 4), our January 31, 2013 Order referring this matter to the Honorable Lynne A. Sitarski for a report and recommendation (docket entry # 5) pursuant to Local Rule 72.1 and 28 U.S.C. §636(b)(1)(B), respondents' response (docket entry # 11), petitioner's letters to the Court (docket entries ## 13, 14, 15, 16 and 18) and his statement (docket entry # 17), Judge Sitarski's unopposed March 25, 2014 report and recommendation ("R&R") that the Court dismiss petitioner's habeas petition (docket entry # 21), and the Court finding that:

(a) On April 5, 2004, Philadelphia plainclothes police officers observed petitioner and an associate on a North Philadelphia street accepting currency in exchange for "small objects" identified as narcotics when the two men were arrested and their property searched later that same day, R&R at 2, 3;

(b) Petitioner was found guilty after a bench trial on November 7 and 14, 2007, and sentenced to five to ten years' imprisonment for possession with intent to distribute, id. at 3;

(c) In his statement of matters complained of on appeal, Smith sought relief on the basis that the evidence "was insufficient to sustain the guilty verdict in that the drugs were found inside of a house while defendant was already in police custody," id., and on January 7, 2008, the Superior Court affirmed the denial of Smith's appeal, id. at 4;

(d) On May 2, 2008, petitioner filed a timely pro se Post Conviction Relief Act ("PCRA") petition seeking relief on the basis that his trial counsel was ineffective for (1) failing to file any pretrial motions; (2) failing to provide the Superior Court with transcripts of the trial proceedings; and (3) failing to "prevent [p]etitioner from prejudice by the Court by not conducting a colloquy after [p]etitioner told the Court that he did not want his counsel to continue to represent him," id.;

(e) The PCRA denied his request and dismissed his objection, id.;

(f) On August 12, 2010, Smith filed an appeal which the Court of Common Pleas dismissed on September 8, 2010, after which petitioner sought and was granted permission to represent himself on appeal before the Superior Court, id. at 5;

(g) On June 26, 2012, the Superior Court affirmed the PCRA Court's dismissal, id. at 6;

(h) On October 11, 2012, petitioner filed his pro se habeas petition, asserting twelve claims, id. at 7;

(i) In a thorough twenty-six page report, Judge Sitarski reviewed petitioner's claims under the highly deferential standard applied to federal courts' review of state-court proceedings, id. at 8, 9;

(j) Judge Sitarski reviewed the four claims that Smith's trial counsel had been ineffective and concluded that (1) his claim that the state constitution was violated was without merit; (2) his claim that counsel was ineffective for failing to file a suppression motion was at odds with his trial strategy to claim no connection to the premises searched; (3) the Superior Court's finding that Smith's failure to show either that an uncalled witness was available or that he was prejudiced by her absence was not an "unreasonable application" of clearly established

federal law; and (4) his claim of ineffectiveness of PCRA counsel is not a cognizable ground for habeas relief, id. at 11-18;

(k) As to Smith's contention that the evidence was insufficient to support his conviction (because he possessed neither keys to the room where contraband was found nor contraband at the time of his arrest), Judge Sitarski also found that the Superior Court did not unreasonably apply a state standard contrary to clearly established federal law as the United States Supreme Court construed it when it concluded that Smith constructively possessed the narcotics found in the residence, where police also found Smith's clothes and a public-assistance application listing that residence as his home address, id. at 19-23;

(l) As to his argument that the Superior Court mischaracterized several facts in its conclusion concerning the sufficiency of the evidence, Judge Sitarski concluded that the Superior Court's decision was not based on the allegedly inaccurate facts, id. at 23, 24;

(m) Smith also made four claims related to the Commonwealth's alleged failure to present his case to a grand jury for an indictment, id. at 24;

(n) Because it is well-settled that the Fifth Amendment's requirement for indictment by grand jury does not apply to the states, Judge Sitarski concluded that these were not cognizable habeas claims, id. at 24, 25;

(o) Finally, as to Smith's two claims arising from errors in the PCRA proceedings, Judge Sitarski held that state-law errors are not grounds for habeas relief, id. at 25, 26;

(p) Accordingly, she recommended that all Smith's claims be dismissed and we will approve and adopt her report and recommendation to that effect;

(q) Finally, Local Appellate Rule 22.2 of the Rules of the United States Court

3

of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . . . is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

(r) Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

(s) We do not believe that reasonable jurists could debate the conclusion that Smith's petition does not state a valid claim for the denial of a constitutional right, and so we decline to issue a certificate of appealability;

It is hereby ORDERED that:

1. The report and recommendation is APPROVED and ADOPTED;

2. Smith's petition for a writ of habeas corpus is DENIED;

3. For the reasons stated above, we DECLINE to issue a certificate of appealability; and

4. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

/s/ Stewart Dalzell, J.